# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DEBBIE FRANCIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-CV-432 (MTT) |
| ) | |
| ) | |
| GREAT WEST CASUALTY COMPANY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Debbie Francis moves to remand this case to the State Court of Bibb County, Georgia. Doc. 6. For the reasons stated herein, that motion is **DENIED**.

## I. BACKGROUND

Francis, the surviving spouse of Arthur Francis and an Ohio citizen,[1] filed this wrongful death action on October 10, 2017 in the State Court of Bibb County, Georgia against Defendants Great West Casualty Company, a Nebraska citizen; Dunavant Sea Lane Express, LLC, a Tennessee citizen; and Carlton Kiser, a Georgia citizen. Doc. 6-2 at 2–3. On November 2, 2017, Defendants Dunavant and Great West removed to this Court. Doc. 1. Defendant Kiser was not served until November 8, 2017, six days after Defendants Dunavant and Great West filed the notice of removal. Docs. 6-1 at 2; 6-2.

---

[1] Under Georgia law, a wrongful death claim belongs to the decedent's surviving spouse. O.C.G.A. § 51-4-2(a) ("The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence."). Thus, for diversity jurisdiction purposes, it is the citizenship of Debbie Francis, as surviving spouse, that matters and not that of the decedent. *D.R. ex rel. Igles v. Grant*, 770 F.Supp.2d 1337, 1343-44 (M.D. Ga. 2011).

Francis now moves to remand the case to the State Court of Bibb County, Georgia, arguing that removal is improper under 28 U.S.C. § 1441 because one of the Defendants is a resident of Georgia.[2]  Doc. 6 at 1.

## II. DISCUSSION

Under 28 U.S.C. § 1441(b), a case pending in state court may be removed to a federal district court if, at the time of removal, that court has diversity jurisdiction pursuant to § 1332(a).  *See* 28 U.S.C. § 1441(a) (stating a civil action may be removed to the district court "embracing the place where such action is *pending*" (emphasis added)); 28 U.S.C. § 1442(a) (stating a civil or criminal action may be removed to district court "embracing the place wherein it is *pending*" (emphasis added)); 28 U.S.C. § 1443 (similar to language of § 1442(a)).  However, under § 1441(b)(2), also known as the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added).

Here, diversity of citizenship jurisdiction exists because all parties are diverse—Defendant Kiser is a resident of Georgia; Defendant Dunavant is a resident of Tennessee; Defendant Great West is a resident of Nebraska; and Francis is a resident

---

[2] In the motion to remand, Francis also argues that the notice of removal did not establish diversity of citizenship—specifically, that the notice of removal did not properly state the citizenship of Dunavant, a limited liability company.  Doc. 6 at 6–7; *see also* Doc. 1 (notice of removal alleging that Dunavant, an LLC, was, at the time of filing, "a corporation incorporated under the laws of the State of Tennessee with its principal place of business located therein.").  Defendants Great West and Dunavant sought leave to amend the notice of removal, which was granted, and filed an amended notice that cures this defect. Docs. 10; 12; 13 (amended notice of removal alleging that Dunavant's constituent members are citizens of Tennessee and that none are citizens of Georgia).  Consequently, there is no issue regarding whether complete diversity exists, and the Court only addresses Francis's argument that removal was improper under § 1441.

of Ohio—and the amount in controversy exceeds $75,000. Doc. 13 at 2-3. Francis does not dispute that, at the time of removal, the case was pending in state court[3] and only the nonresident defendants, Great West and Dunavant, had been joined *and* served. Francis contends that, because Defendant Kiser is a citizen of Georgia, the forum state, the case is not removable under § 1441(b)(2). However, the plain language of the statute does not support Francis's argument. At the time of removal, Francis had not yet perfected service on Kiser. Thus, there was no "properly joined *and* served" resident defendant, at that time, to render the case non-removable. 28 U.S.C. § 1441(b)(2) (emphasis added). Accordingly, under the plain language of the statute, remand is not required. However, Francis also argues that allowing removal under these circumstances (1) contravenes the purpose of the forum-defendant rule and (2) "would encourage gamesmanship with regard to service of process on the part of similarly situated defendants in future cases." Doc. 6-1 at 5.

Francis rightly points out that the rationale behind the forum-defendant rule is that, when a defendant is a resident of the forum state, the justification for diversity jurisdiction and removal, which is to protect defendants from unfair prejudice in a state forum, is not present. *See Hawkins v. Cottrell*, 785 F.Supp.2d 1361, 1372 (N.D. Ga. 2011). She therefore argues allowing removal by a nonresident defendant based on the timing of service upon the forum defendant undermines the stated purpose of the forum-defendant rule. Although the Eleventh Circuit has not addressed this issue, other courts

---

[3] Under Georgia state law, a case is pending, and therefore removable, when service of process is perfected. *Steve A. Martin Agency, Inc. v. PlantersFIRST Corp.*, 297 Ga. App. 780, 781, 678 S.E.2d 186, 188 (2009) ("[A]n action is not a 'pending' suit until after service of process is perfected."); *Jenkins v. Crea,* 289 Ga. App. 174, 656 S.E.2d 849, 850 (2008) ("An action is not a pending suit until service is perfected."); *see also Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1371 (N.D. Ga. 2011). Here, at the time of removal, the case was pending in state court because Francis had perfected service on Dunavant and Great West, the nonresident defendants.

have found, where there is complete diversity, that removal by a nonresident defendant prior to service of a forum defendant is not contrary to congressional intent. *See, e.g.*, *Gibson v. Wal-Mart Stores East, LP*, 2010 WL 419393, at *2-4 (M.D. Ga. 2010) (quoting *Wensil v. E.I. Dupont de Nemours and Co.,* 792 F.Supp. 447, 448-49 (D.S.C.1992) ("The statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists.")); *Masterson v. Apotex, Corp.*, 2008 WL 2047979, at *2 (S.D. Fla. 2008) ("[T]his Court agrees with the decisions concluding that § 1441(b) as amended limits looking only at 'properly joined and served' defendants at the time of removal where diversity jurisdiction is not an issue."); *see also Hawkins v. Cottrell*, 785 F. Supp. 2d 1361, 1373 (N.D. Ga. 2011) ("Allowing removal by an out-of-state defendant when a forum defendant is unserved does not defeat the forum defendant rule and thus does not necessarily lead to an absurd result."); *Holmstrom v. Harad*, 2005 WL 1950672, at *2 (N.D. Ill. 2005) ("The 'joined and served' requirement makes sense, then, when one defendant has been served but the named forum defendant has not. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant."). Moreover, Francis's argument overlooks the plain language of § 1441(b)(2), which, again, states that removal is improper only when a resident defendant has been *joined and served* at the time of removal.

Finally, the potential for "gamesmanship" does not render removal improper here either. Francis argues that denying remand in this circumstance would encourage "savvy corporate defendants [to] monitor courts' electronic dockets and file notices of removal prior to service upon the forum defendant, even where there is hardly any delay

[in serving] the resident defendant." Doc. 6-1 at 5. However, one person's "gamesmanship" is strategy to another. In fact, Georgia state law, in conjunction with the forum-defendant rule, protects a plaintiff from such gamesmanship by allowing a plaintiff to be "master of her complaint" and ensure that a case remains in state court through strategy (or gamesmanship) of her own. As discussed, a case is not pending under Georgia law, and therefore cannot be removed, until the plaintiff perfects service of process. *See Steve A. Martin Agency, Inc. v. PlantersFIRST Corp.*, 297 Ga. App. 780, 781, 678 S.E.2d 186, 188 (2009); *Jenkins v. Crea,* 289 Ga. App. 174, 656 S.E.2d 849, 850 (2008); *see also Hawkins*, 785 F.Supp.2d at 1371. Therefore, a defendant could not remove a case simply by monitoring an electronic docket; rather, whether a case becomes removable is dependent on a plaintiff's actions in perfecting service. So, a plaintiff can wield the forum-defendant rule to her own benefit by serving the resident defendant first, making the case non-removable because the resident defendant would be "joined and served" before a nonresident defendant could remove the case. Thus, denying remand under the circumstances here does not disadvantage plaintiffs in the manner Francis alleges.[4]

### III. CONCLUSION

Accordingly, Francis's motion to remand (Doc. 6) is **DENIED**.

**SO ORDERED,** this 21st day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Francis also alleges that Defendant Kiser was "refusing to accept service by the Sheriff" at the time of removal. Doc. 6-1 at 3. To the extent Francis is alleging there was any sort of collusion between Kiser and the other Defendants to delay service upon him, therefore allowing time for them to remove, Francis provides no facts or evidence to support such an allegation, and, therefore, the Court will not consider it.

-5-